UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Victor Ali Barakat,

        Petitioner,

v.                                                                    Civil No. 13-1296 (JNE/SER)
                                                                       ORDER

Scott P. Fisher,
Warden at FCI Sandstone,

        Respondent.

Before the Court is the Report and Recommendation dated October 8, 2013 of the Honorable Steven E. Rau, United States Magistrate Judge, regarding Victor Ali Barakat's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and various motions that he filed in connection with the petition. An inmate at the Federal Correctional Institution in Sandstone, Minnesota, Barakat is currently serving a 162-month term of imprisonment, to be followed by five years of supervised release. Barakat's projected release date is June 12, 2014. Barakat filed his petition with this Court after the Bureau of Prisons denied his request for a twelve-month placement in a Residential Reentry Center ("RRC") leading up to his release, instead of the six-month placement that his case manager and unit manager had recommended.

The Magistrate Judge recommended dismissal of the petition and denial of the pending motions as moot. Petitioner Barakat objected to the Magistrate Judge's Report and Recommendation. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b). Based on that review, the Court adopts the Report and Recommendation [Docket No. 26].

To the extent Barakat challenges the particular determination in his case of the RRC placement, the Court lacks subject matter jurisdiction to review the Bureau of Prison's ("BOP")

1

discretionary decision for the reasons stated in the Magistrate Judge's Report and Recommendation. In his objection, Barakat contends that his petition does not merely seek review of the BOP's substantive decision, but rather asks the Court to review whether the BOP exceeded its statutory authority by factoring his economic situation into its determination of his RCC placement period. While the Court has subject matter jurisdiction to consider whether certain BOP decisions exceed the Bureau's statutory authority, *see Martin v. Gerlinski*, 133 F.3d 1076, 1079 (8th Cir. 1998), the facts alleged by Barakat's petition do not reflect that the BOP exceeded its authority.

The Magistrate Judge's Report details the relevant legal and regulatory framework under which the BOP made its RRC decision. In relevant part, 18 U.S.C. § 3621(b) outlines certain factors that the BOP must consider in making a placement determination. The Eighth Circuit has noted that § 3621(b) does not preclude consideration of additional factors not specifically enumerated in it. *Miller v. Whitehead*, 527 F.3d 752, 757-58 (8th Cir. 2008) (citing *Levine v. Apker*, 455 F.3d 71, 86 (2d Cir. 2006). The section does, however, provide that "[i]n designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status." 18 U.S.C. § 3621(b). Barakat contends that the BOP's consideration of his financial situation conflicts with this statutory restriction. But the provision does not prohibit consideration of financial matters in any manner, but only provides that no "favoritism" may be given to those of higher economic status. *See id.* The petition and Barakat's arguments show that he believes his positive financial resources identified during the RRC review disadvantaged him in the RRC placement decision. Thus, the facts he presents do not reflect favoritism based on a higher economic status, and the BOP's decision cannot be said to conflict with the limitation of 18 U.S.C. § 3621 regarding prisoners of higher

economic status. As reflected in the Magistrate Judge's Report, the BOP's RRC decision in Barakat's case, including its consideration of his economic background, did not violate 18 U.S.C. § 3621 or otherwise exceed the BOP's statutory authority.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Petitioner's petition for a writ of habeas corpus [Docket No. 1] is DENIED.

2. Petitioner's Motion for Preliminary Injunction and to Expedite Hearing [Docket No. 3] is DENIED.

3. Petitioner's Motion to Seal Pleadings [Docket No. 5] is DENIED.

4. Petitioner's Motion for Express Findings of Fact and Conclusions of Law on Probability of Success on Merits [Docket No. 8] is DENIED as moot.

5. Petitioner's Motion to Promptly Conduct Proceedings [Docket No. 22] is DENIED as moot.

6. Petitioner's Motion for Information and Request Magistrate Recommendation [Docket No. 25] is DENIED as moot.

7. This action is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 18, 2013

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge